IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY A. REESE; HONESTY L. TRUTH, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:25-cv-01578-S (BT) |
| AMERICAN AUTOMOBILE ASSOCIATION, INC.; RAAMS CLUB SERVICES, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On January 5, 2026, *pro se* plaintiffs Mary A. Reese and Honestly L. Truth filed a motion asking that the Court appoint them counsel on appeal (ECF No. 17). For the following reasons, Plaintiffs' Motion is **DENIED**.

There is no automatic right to the appointment of counsel in a civil case. *F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005). A federal court has considerable discretion in determining whether to appoint counsel. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). But counsel should be appointed in civil actions only in exceptional cases. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The decision to appoint counsel is based "on many factors, including the type and complexity of the case; the petitioner's ability to adequately present and investigate h[er] case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-

1

examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in a just determination.'" *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer*, 691 F.2d at 213).

Plaintiffs have not shown exceptional circumstances warranting court-appointed counsel at this time. Rather, Plaintiffs argue that appointed counsel is necessary because they are eligible to proceed *in forma pauperis* (IFP). Mot. at 2. The Court never granted Plaintiffs IFP status—instead dismissing this action because Plaintiffs failed to either pay the fee or file a proper IFP motion. *See Reese v. Am. Auto. Ass'n Inc.*, 2025 WL 2582904, at *2 (N.D. Tex. Aug. 5, 2025) (Rutherford, J.), *rec. adopted*, 2025 WL 2578245 (N.D. Tex. Sept. 5, 2025). But even if the Court had granted Plaintiffs IFP status, this alone would not warrant the appointment of counsel. *See Lukens v. Louisiana*, 2021 WL 11086220, at *1 (W.D. La. Nov. 3, 2021) ("Civil complainants do not have an automatic right to appointed counsel, **even if demonstrably indigent**.") (emphasis added) (citing *Brown v. Tarrant County, Texas*, 985 F.3d 489, 499 (5th Cir. 2021); *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)).

Accordingly, Plaintiffs' request for the Court to appoint them counsel is **DENIED**.

**SO ORDERED.**

January 13, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE